LOUIS M. BUBALA III, ESQ.
Nevada State Bar #8974
ARMSTRONG TEASDALE LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: 775.322.7400
Facsimile: 775.322.9049
Email: lbubala@armstrongteasdale.com

Counsel for Sheelagh Dawn Biggs

ELECTRONICALLY FILED ON
May 25, 2012

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>JOEL P. BIGGS,<br><br>    Debtor. | Case No.: BK-N-10-54412-BTB<br>Chapter: 13<br><br>**STIPULATION TO RESOLVE SHEELAGH DAWN BIGGS' OBJECTION TO DEBTOR'S PROPOSED PLAN**<br><br>**Hearing Date: N/A**<br>**Hearing Time: N/A** |

    Creditor Sheelagh Dawn Biggs ("Ms. Biggs") and Debtor Joel P. Biggs ("Debtor") stipulate as follows:

    1.    Debtor filed his petition on November 7, 2010 (Ct. Dkt. #1)

    2.    Ms. Biggs, Debtor's former spouse, filed a claim for $115,214.35 (Cl. Reg. #3, filed Dec. 7, 2010).

    3.    The Bankruptcy Court sustained Debtor's objection to Ms. Biggs' claim as a domestic support obligation and classified it as a property settlement (Ct. Dkt. #41). Ms. Biggs' filed a notice of appeal (Ct. Dkt. #43), and the appeal is scheduled for oral argument on June 15, 2012. *Biggs v. Biggs (In re Biggs)*, Case No. NV-11-1276-PaDKi (BAP 9th Cir.).

    4.    Ms. Biggs also filed a nondischargeability action, which she and Debtor stipulated to its dismissal. *Biggs v. Biggs (In re Biggs)*, Case No. 11-ap-05012-gwz (Bankr. D. Nev.).

    5.    Debtor filed a plan (Ct. Dkt. #2, filed Nov. 7, 2010) and Ms. Biggs objected (Ct. Dkt. #38, filed April 22, 2011). Debtor filed a first amended plan (Ct. Dkt. #55, filed June 6, 2011), and Ms.

Biggs objected (Ct. Dkt. #64-65, filed June 26, 2011). The Bankruptcy Court denied confirmation on the ground that the plan was filed in bad faith (Ct. Dkt. #76, filed Dec. 20, 2011).

  6. Debtor filed a second amended plan (Ct. Dkt. #79-80, filed Jan. 7-8, 2012), and Ms. Biggs' objected (Ct. Dkt. #85, filed Feb. 3, 2012). Debtor filed a third amended plan (Ct. Dkt. #86, filed Feb. 15, 2012), and Ms. Biggs objected (Ct. Dkt. #89, filed March 2, 2012). The plan was originally scheduled for hearing on March 16, 2012 (Ct. Dkt. #88), but the hearing has been continued as Debtor and Ms. Biggs have discussed the potential to resolve Ms. Biggs' objections.

  7. Ms. Biggs and Debtors agree to resolve their differences as follows:

    a. The claim of the Australian Child Support Agency was filed in an amount listed AUD $14,572.56 (Cl. Reg. #4). Debtor's plans provided for payment of US $14,572.56. Because of the exchange rate, the payment does not pay the claim in full. Ms. Biggs and Debtor stipulate that the exchange rate on the petition date was AUD $1.00 equals US $1.044, and therefore the plan shall pay the claim in the amount of US $15,213.75.

    b. In addition to the payments provided to Ms. Biggs under the terms of a plan, Debtor shall pay her $12,500 before the entry of an order confirming the third amended plan of reorganization. Debtor shall not submit to the Bankruptcy Court an order confirming the plan until the funds are paid to Ms. Biggs. If the funds are not paid within 14 calendar days of the oral confirmation of the plan, Ms. Biggs may schedule a status conference with the Bankruptcy Court and the Court may withdraw its oral order confirming the plan.

    c. If a plan is orally confirmed under the terms under the terms of this stipulation before May 31, 2012, Debtor and Ms. Biggs shall request that the U.S. Bankruptcy Appellate Panel for the Ninth Circuit Court of Appeals remove Ms. Biggs' appeal from its calendar of oral arguments. The appeal shall not be withdrawn or dismissed while the plan is pending before the Bankruptcy Court. If the $12,500 payment is made to Ms. Biggs before June 15, 2012, Debtor and Ms. Biggs shall submit a stipulation to dismiss the appeal.

    d. In the event that Debtor does not complete his plan and receive a discharge, such dismissal shall not dispositive as to the character of Ms. Biggs' claim and she shall not be precluded

or estopped from challenging the character of her claim as a property settlement in any future court proceedings.

   e. Upon Debtor's completion of the plan and receipt of a discharge, Debtor shall be discharged of any unpaid prepetition debt owed to Ms. Biggs, and Ms. Biggs shall release the lien she has in their marital real property located at 625 Wedge Lane, Fernley Nevada (the "Wedge Lane Property") within ten (10) days from the entry of discharge.

   f. Ms. Biggs, her attorneys, and agents shall not cause or permit any lien to be recorded against the Wedge Lane Property through completion of Debtor's plan or dismissal of this case.  This provision does not apply to any liens recorded by a government agency for unpaid child support obligations.

   g. Ms. Biggs shall cooperate with any loan modification or refinancing sought by Debtor during the term of the Debtor's Chapter 13 Plan so long as the refinancing does not have an equity draw.  Ms. Biggs shall further cooperate with any modification or refinancing requested by the Debtor after the Debtor receives his discharge.   At no time after the Debtor receives his discharge shall Ms. Biggs be entitled to share in any equity from the Wedge Residence.   Ms. Biggs shall cooperate in any refinancing, including, without limited to executing any documents necessary to remove her name from title to the Wedge Property immediately after entry of discharge.

   h. This agreement is a complete resolution of all differences between the parties.

   i. If the plan is not confirmed by June 30, 2012, this stipulation is void and shall have no binding effect on the parties.

///

///

///

1        j.    In the event Debtor or Ms. Biggs defaults on any obligation under this Settlement Agreement, the defaulting party shall pay all attorneys' fees and costs incurred by the prevailing party in enforcing the obligations under this Agreement. All attorneys' fees and costs incurred for an event of default shall be paid within 14 days of the Bankruptcy Court's finding of event of default. If timely payment is not received by the Debtor, Ms. Biggs shall immediately voluntarily execute all documents necessary to remove her name from title to the Wedge Property. Preparation of any said documents shall be the responsibility of Debtor, subject to Ms. Biggs' review to conformity with the terms of the plan and this stipulation.

DATED this 25th day of May, 2012.    ARMSTRONG TEASDALE LLP

By:   /s/Louis M. Bubala III
      LOUIS M. BUBALA III, ESQ.

Counsel for Sheelagh Dawn Biggs

DATED this 25th day of May, 2012.    DARBY LAW PRACTICE, LTD.

By:   /s/Tricia M. Darby
      TRICIA M. DARBY, ESQ.

Counsel for Joel P. Biggs